### GOLDEN v. GOLDEN.
No. 183923.
Circuit Court, Hillsborough County.
June 2, 1972.

James M. McEwen of Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for the petitioner.

Virginia Anne Church of Church & Reed, Clearwater, for the respondent.

JAMES S. MOODY, Circuit Judge.

This cause coming on on application of each of the parties for the entry of a judgment with respect to a petition filed by Frederick Oliver Golden for a change in the custody of the minor child, Charles Golden, for a cessation or reduction of alimony, for a change in visitation privileges, for relief from certain injunctions, and on the part of Nellie Marie Golden for relief from certain injunctions and for the right to visit her parents, the court having heard evidence from both parties and witnesses and argument of counsel, it is in consideration thereof adjudged and ordered as follows —

The principal care, custody and control of the minor child, Charles Golden, shall remain with the mother, Nellie Marie Golden.

In order that the father shall have more visitation privileges with the son he shall continue to have the alternate week end visitation which is now in existence and in addition thereto shall have the boy with him for a period of four weeks during the summertime. These visits shall be broken up into two sections of two weeks each. The first shall begin June 9, 1972 at 5 p.m. and continue until June 25, 1972 at 5 p.m. The second shall begin July 21, 1972 at 5 p.m. and continue until August 6, 1972 at 5 p.m.

During the Christmas vacation for school children, the mother shall have Charles with her until 5 p.m. on December 26, 1972 at which time the father shall have the boy with him from 5 p.m. that day until 5 p.m. New Year's Day, 1973.

The support payment for the minor child shall continue in its present amount and on the date scheduled with two exceptions. The payment due June 15, 1972 shall be reduced to $37.50 instead of $75 and July 5, 1972 it shall be reduced to $37.50 instead of $75. All other payments shall be made in accordance with former orders.

The request for relief from payment of alimony at this time is denied but Nellie Marie Golden is admonished to immediately start looking for a job and on December 15, 1972 the alimony shall be reduced to $125 per month unless on petition served upon the adverse party it shall be proven to the satisfaction of the court that there is good reason to reinstate. The former husband shall have the same right to apply for further reduction at that time or later in the event that the former wife has secured employment.

The injunction previously entered against Frederick Oliver Golden going upon the property occupied by Nellie Marie Golden which formerly belonged to her parents is hereby terminated and

he shall have the right and privilege to go upon the property for the purpose of securing possession and visitation rights with his son, Charles, and to return him to that location.

The injunction previously entered against Nellie Marie Golden and her son having contact with her parents is hereby terminated and both she and the child shall have the right and privilege to leave the state on June 26, 1972 for a period of two weeks to visit her parents. In the event this visit eliminates a week end which would normally be the week end for visitation with the son by the father, the period shall be made up at some later date at a time mutually agreeable to the parties if they can agree.